UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUAN TEJADA,

                          Plaintiff,

v.                                               9:07-CV-0830
                                               (NAM/GHL)
MR. MANCE, Superintendent, Marcy C.F.;
SOUZA, Correctional Officer, Marcy C.F.; and
ZURAWSKI, Correctional Officer, Marcy C.F.;

                          Defendants.
_____

APPEARANCES:                             OF COUNSEL:

JUAN TEJADA, 06-A-2950
  Plaintiff, *Pro Se*
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

HON. ANDREW M. CUOMO             ROGER W. KINSEY, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
New York, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me by the Honorable Norman A. Mordue, Chief United States District Judge, for

Report and Recommendation with regard to any dispositive motions filed, pursuant to 28 U.S.C.

§ 636(b) and Local Rule 72.3(c).  Generally, in his Complaint, Juan Tejada ("Plaintiff") alleges

that three employees of the New York State Department of Correctional Services ("DOCS")

violated his rights under the First, Eighth and Fourteenth Amendments when they denied Plaintiff (and other inmates) an opportunity to exercise outdoors for one hour per day on approximately four days between the period of May 5, 2007, and July 15, 2007, at Marcy Correctional Facility ("Marcy C.F.").  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 12.)  For the reasons set forth below, I recommend that Defendants' motion be granted.

## I.     BACKGROUND

### A.     Summary of Plaintiff's Complaint

Construed with the special leniency normally afforded to the pleadings of *pro se* civil rights litigants, Plaintiff's Complaint and the attachments thereto (which are incorporated by reference into the Complaint) allege as follows:

1.      On May 5, 2007, DOCS Correctional Officer Souza ("Defendant Souza") and Correctional Officer Zurawski ("Defendant Zurawski") wrongfully deprived Plaintiff, and other inmates in the Marcy C.F. Special Housing Unit ("S.H.U."), of the one hour of outdoor exercise that they were permitted by DOCS Directive 4933;[1]

2.      In addition, at unidentified times before May 10, 2007, Defendants Souza and Zurawski wrongfully deprived Plaintiff, and other inmates in the Marcy C.F. S.H.U., of unspecified "supplies" and their radios;[2]

---

[1]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 7 [Ex. A to Plf.'s Compl., attaching letter from Plaintiff dated May 5, 2007].)

[2]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 20-21 [Ex. B to Plf.'s Compl., attaching two versions of letter from Plaintiff dated May 10, 2007].)

3.    On May 23, 2007, Defendants Souza and Zurawski wrongfully deprived Plaintiff, and other inmates in the Marcy C.F. S.H.U., of the one hour of outdoor exercise that they were permitted by DOCS Directive 4933;[3]

4.    That same day, two unidentified inmates were "bitten [sic] . . . for standing up [to] this abuse [of the inmates' right to one hour of outdoor exercise per day];"[4]

5.    Also on that day, Plaintiff brought the deprivation of outdoor exercise to the attention of Superintendent Mance ("Defendant Mance"), who subsequently did nothing;[5]

6.    At unidentified times before May 26, 2007, Correctional Officers at Marcy C.F. were, in some way, "being racist towards the Spanish [inmates in the Marcy C.F. S.H.U.]";[6]

7.    On July 5, 2007, Defendant Souza threatened to file a false misbehavior report against Plaintiff and his cellmate (who spoke only Spanish);[7]

8.    On July 9, 2007, Defendant Zurawaski deprived Plaintiff of the one hour of outdoor exercise that he was permitted by DOCS Directive 4933, in retaliation against him for

---

[3]    (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 26 [Ex. B to Plf.'s Compl., attaching letter from Plaintiff dated May 23, 2007].)

[4]    (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)

[5]    (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 26 [Ex. B to Plf.'s Compl., attaching letter from Plaintiff dated May 23, 2007]; Dkt. No. 1, at 14-19 [Ex. B to Plf.'s Compl., attaching three different versions of letter from Plaintiff dated June 24, 2007].)

[6]    (Dkt. No. 1, at 23 [Ex. B to Plf.'s Compl., attaching letter from Plaintiff dated May 26, 2007].)

[7]    (Dkt. No. 1, at 32-35 [Ex. B to Plf.'s Compl., attaching letter from Plaintiff dated July 5, 2007].)

having filed a grievance against Defendant Zurawaski;[8] and

        9.     On July 15, 2007, Defendants Souza and Zurawski wrongfully deprived Plaintiff,

and other inmates in the Marcy C.F. S.H.U., of the one hour of outdoor exercise that they were

permitted by DOCS Directive 4933.[9]

        As a result of these deprivations, Plaintiff requests both injunctive and monetary relief.[10]

        Based on these factual allegations, I liberally construe Plaintiff's Complaint and its

attachments as asserting the following four legal claims against Defendants: (1) a claim of

inadequate prison conditions and/or harassment under the Eighth Amendment; (2) a procedural

due process claim under the Fourteenth Amendment; (3) an equal protection claim under the

Fourteenth Amendment; and (4) a retaliation claim (against Defendant Souza) under the First

Amendment.[11]

        **B.**     **Summary of Grounds in Support of Defendants' Motion to Dismiss**

        Generally, Defendants' motion to dismiss is premised on the following seven grounds: (1)

Plaintiff's Complaint fails to allege facts plausibly suggesting a deprivation that was sufficiently

serious to constitute a violation of the Eighth Amendment; (2) Plaintiff's Complaint fails to

---

       [8]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 30 [Ex. B to Plf.'s Compl.,
attaching letter from Plaintiff dated July 9, 2007].)

       [9]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 31 [Ex. B to Plf.'s Compl.,
attaching letter from Plaintiff dated July 15, 2007].)

       [10]     (Dkt. No. 1, ¶¶ 7, 9 [Plf.'s Compl.].)

       [11]     Due to the special solicitude normally afforded to the pleadings of *pro se* civil
rights litigants, when a district court is determining what legal claims a *pro se* civil litigant has
raised, "the court's imagination should be limited only by [the plaintiff's] factual allegations, not
by the legal claims set out in his pleadings." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.
2005) [citations omitted].

allege facts plausibly suggesting the personal involvement of Defendant Mance (a supervisor) in the constitutional violations alleged; (4) Plaintiff's Complaint fails to state a procedural due process claim under the Fourteenth Amendment because a violation of DOCS Directive 4933 does not constitute a violation of the Fourteenth Amendment; (5) Plaintiff lacks standing to assert any claims on behalf of other inmates; (6) the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities; and (7) based on Plaintiff's factual allegations, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 12, Part 2, 1-9 [Defs.' Memo. of Law].)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). It has long been understood that a defendant may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2);[12] or (2) a challenge to the legal cognizability of the claim.[13]

---

[12]    *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[13]    *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[14]  The main purpose of this rule is to "facilitate a proper decision on the merits."[15]  A complaint that fails to comply with this rule "presents far too heavy a burden

---

ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord, Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[14]    *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[15]    *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[16]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[17] However, it is well established that even this liberal notice pleading standard "has its limits."[18] As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[19]

---

[16] *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.). Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[17] *See, e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[18] 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[19] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004). Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*. *See, e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S. Ct. 1955, 1968-69 (2007).[20] Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Fed. R. Civ. P. 8 "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) requires that the pleading give the defendant "fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests.  *Id*. at 1965, n.3 [citation omitted].  While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. at 1965 [citations omitted].  What

_____

interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[20]     The Court in *Twombly* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Twombly*, 127 S. Ct. at 1969.

this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Twombly*).[21]   The Second Circuit has also recognized that this *plausibility* standard governs claims brought even by *pro se* litigants (although the plausibility of those claims is be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[22]

It should be emphasized that Fed. R. Civ. P. 8's plausibly standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks

---

[21]     *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim up relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[22]     *See, e.g., Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim up relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]).  That statement in no way meant that all pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without ever having to allege any facts whatsoever.[23]  There must still be enough facts alleged to raise a right to relief above the

---

[23]        For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm."  127 S. Ct. at 2199.  The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Twombly*, all that is required is a "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease." *Id*. at 2200.  While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need.  The *Erickson* decision had to do with only the first element, not the second element.  *Id*. at 2199-2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication.  *Id*.  This point of law is hardly a novel one.  For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004);

speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[24]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[25]  In other words, as stated above in Part I.A. of this Report-Recommendation, while all pleadings are to be construed liberally under Fed. R. Civ. P. 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.[26]

For example, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.[27]  Moreover, "courts

_____

*Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

[24]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[25]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[26]     *See*, *supra*, note 1 of this Report-Recommendation.

[27]     "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his

must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

they suggest."[28]  Furthermore, when addressing a *pro se* complaint, *generally* a district court

"should not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated."[29]  Of course, an opportunity to

amend is not required where "the problem with [plaintiff's] causes of action is substantive" such

that "[b]etter pleading will not cure it."[30]

However, while this special leniency may somewhat loosen the procedural rules

---

opposition memorandum." *Gadson v. Goord,* 96-CV-7544, 1997 WL 714878, at *1, n. 2
(S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987]
[considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases
where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to
consider materials outside the complaint to the extent they 'are consistent with the allegations in
the complaint.'" *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering
factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part
on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on
case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a
matter of right, to amend his complaint once at any time before the service of a responsive
pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39
(2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to
dismiss) [citations omitted].

[28]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's
conclusory allegations of a due process violation were insufficient) [internal quotation and
citation omitted].

[29]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[30]     *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted].

governing the form of pleadings (as the Second Circuit very recently observed),[31] it does not

completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.

R. Civ. P. 8, 10 and 12.[32]   Rather, as both the Supreme Court and Second Circuit have repeatedly

recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that

even *pro se* civil rights plaintiffs must follow.[33]   Stated more plainly, when a plaintiff is

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."[34]

--------

[31]      *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5
(2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally]
entails, at the very least, a permissive application of the rules governing the form of pleadings.")
[internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d
Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of
important rights because of their lack of legal training . . . should not be impaired by harsh
application of technical rules.") [citation omitted].

[32]      *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading
standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from
dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101
F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited
only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within
the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[33]      *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,
834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant
rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of
procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.
1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural
and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir.
2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply
with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or
prejudice the adverse party").

[34]      *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y.
1980); *accord*, *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *6, n.27 (N.D.N.Y.

### III.    ANALYSIS

#### A.    First Basis for Dismissal: Facial Merit of Defendants' Unopposed Motion

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure),[35] and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion.  Therefore, I must determine whether Defendants have met their burden to "demonstrate entitlement to dismissal" under Rule 12(b)(6).[36]

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to

---

Aug. 21, 2007) (Sharpe, J., adopting report-recommendation of Lowe, M.J.); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *2 (N.D.Y.Y. July 11, 2007) (McAvoy, J., adopting report-recommendation of Lowe, M.J.); *DiProjetto v. Morris Protective Serv.,* 489 F. Supp.2d 305, 307 (W.D.N.Y. 2007); *Cosby v. City of White Plains*, 04-CV-5829, 2007 WL 853203, at *3 (S.D.N.Y. Feb. 9, 2007); *Lopez v. Wright*, 05-CV-1568, 2007 WL 388919, at *3, n.11 (N.D.N.Y. Jan. 31, 2007) (Mordue, C.J., adopting report-recommendation of Lowe, M.J.); *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *5 (N.D.N.Y. Jan. 23, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Ariola v. Onondaga County Sheriff's Dept.*, 04-CV-1262, 2007 WL 119453, at *2, n.13 (N.D.N.Y. Jan. 10, 2007) (Hurd, J., adopting report-recommendation of Lowe, M.J.); *Collins v. Fed. Bur. of Prisons*, 05-CV-0904, 2007 WL 37404, at *4 (N.D.N.Y. Jan. 4, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.).

[35]      (Dkt. No. 12, Part 1 [Defs.' Notice of Motion].)

[36]      *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested

motion to dismiss.  Specifically, under such an analysis, the movant's burden has appropriately

been characterized as "modest."[37]  This is because, as a practical matter, the burden requires only

that the movant present an argument that is "facially meritorious."[38]

Here, I find that Defendants have met their lightened burden on their unopposed motion

given Defendants' cogent, and legally supported, legal arguments set forth in their memoranda of

law.  (Dkt. No. 12, Part 2, 1-9 [Defs.' Memo. of Law].)  I note that this Court has, on numerous

---

[37]     *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y.
Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a
motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-
324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60
(N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v.
Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J.,
adopting Report-Recommendation of Lowe, M.J.); *see also Race Safe Sys. v. Indy Racing
League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely
whether record contradicted defendant's arguments, and whether record supported plaintiff's
claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*,
96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.)
(applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's
failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers),
*adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*,
*Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y.
Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[38]     *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*,
04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,
M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2
(N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS
26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist.
LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S.
Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S.
Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

occasions, granted motions to dismiss based on a similar facial analysis of a defendant's legal

arguments (and a plaintiff's claims).[39]

Even if I were to subject Defendants' legal arguments to the detailed scrutiny that would

be appropriate on a *contested* motion to dismiss, I would be persuaded by those legal arguments.

For the sake of brevity, I will not repeat in detail all of Defendants arguments but only make two

points.

First, I agree with Defendants that, even when construed with the utmost of special

leniency, Plaintiff's Complaint and its attachments fail to allege facts plausibly suggesting a

deprivation that was sufficiently serious to constitute a violation of the Eighth Amendment.

Generally, to prevail on a claim of inadequate prison conditions, a plaintiff must show two

things: (1) that the conditions of his confinement resulted in deprivation that was *sufficiently

serious*; and (2) that the defendant acted with *deliberate indifference* to the plaintiff's health or

safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Davidson v. Murray*, 371 F. Supp.2d 361,

370 (W.D.N.Y. 2005).  The denial of one hour of outdoor exercise (and radios and "supplies") on

four days during a seventy-one (71) day period of time is not a deprivation that is sufficiently

---

[39]        *See, e.g., Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2
(N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Local Rule 7.1[b][3], but
recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the
reasons set forth in defendants' motion papers)*, adopted by* 96-CV-1269, 1997 U.S. Dist. LEXIS
16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*,
95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.),
*adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.); *Munoz v. Coombe*, 95-CV-1191,
1996 U.S. Dist. LEXIS 15107, at *3 (N.D.N.Y. Aug. 21, 1996) (Hurd, M.J.), *adopted by* 95-CV-
1191, 1996 U.S. Dist. LEXIS 15108, at *2 (N.D.N.Y. Oct. 11, 1996) (Pooler, J.) (rejecting
plaintiff's objections, explaining that "Local Rule 7.1(b) permits the court to grant an unopposed
motion"); *Owens v. Long*, 95-CV-0604, 1996 U.S. Dist. LEXIS 6520, at *2 (N.D.N.Y. March 11,
1996) (Hurd, M.J.), *adopted by* 95-CV-0604, 1996 U.S. Dist. LEXIS 4807 (N.D.N.Y. Apr. 10,
1996) (Pooler, J.).

serious for purposes of the Eighth Amendment.[40]

Second, I agree with Defendants that, even when construed with the utmost of special leniency, Plaintiff's Complaint fails to state a due process claim under the Fourteenth Amendment because a violation of DOCS Directive 4933 does not constitute a violation of the Fourteenth Amendment.  Section 1983 provides, in pertinent part, "Every person who . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis added].  The term "the Constitution and laws" refers to the United States Constitution and *federal* laws.[41]  A violation of a state law or regulation, *in and of itself*, does not give rise to

---

[40]     *Arce v. Walker*, 907 F. Supp. 658, 662-63 (W.D.N.Y. 1995) (holding, *inter alia*, that denying inmate one hour of daily exercise outside his cell, as required by state regulation, for 18 out of 19 days did not violate inmate's Eighth Amendment rights, as a matter of law), *affirmed in pertinent part*, 139 F.3d 329, 337-38 (2d Cir. 1998); *Ochoa v. Connell*, 05-CV-1068, 2007 WL 3049889, at *12 (N.D.N.Y. Oct. 18, 2007) (Sharpe, J.) (holding that denial of exercise on 11 out of 33 days did not violate Eighth Amendment) [citations omitted]; *Ford v. Phillips*, 05-CV-6646, 2007 WL 946703, at *9 (S.D.N.Y. March 27, 2007) (holding that denial of exercise on 5 days did not violate Eighth Amendment); *Gibson v. City of New York*, 96-CV-3409, 1998 WL 146688, at *3 (S.D.N.Y. Mar. 25, 1998) (holding that denying inmate exercise for 8 days in a 60 day period did not violate Eighth Amendment) [citations omitted]; *Davidson v. Coughlin*, 968 F. Supp. 121, 131 (S.D.N.Y. 1997) (holding that denying inmate exercise for 14 days did not violate Eighth Amendment) [citations omitted]; *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (deprivation of outdoor exercise for 21 days while in Disciplinary Segregation Unit did not demonstrate a serious deprivation under the Eighth Amendment); *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir.1986) (holding that Eighth Amendment was not violated by policy denying inmates out-of-cell exercise for first 15 days of punitive confinement).

[41]     *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added);

liability under 42 U.S.C. § 1983.[42]  Furthermore, the violation of a DOCS Directive, alone, is not

even a violation of New York State law or regulation.[43]  This is because a DOCS Directive is

"merely a system the [DOCS] Commissioner has established to assist him in exercising his

discretion," which he retains, despite any violation of that Directive.[44]

      Finally, a few words are necessary about Plaintiff's Fourteenth Amendment equal

protection claim and his First Amendment retaliation claim.  Even though Defendants do not

specifically address these claims in their motion, the Court is not precluded from analyzing these

claims because, in a *pro se* prisoner civil rights case, a district court may (and, indeed, has a duty

to) *sua sponte* address whether the pleading in such a case has successfully stated a claim upon

---

*Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[42]    *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*, 761 F.2d at 891 ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") (citation omitted); *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") (citation omitted); *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[43]    *See Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) (citation omitted); *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997).

[44]    *See Farinaro v. Coughlin*, 642 F. Supp. 276, 280 (S.D.N.Y. 1986).

which relief may be granted.[45]

     With regard to Plaintiff's Fourteenth equal protection claim (i.e., his claim that Defendants Souza and Zurawski discriminated against inmates based on their Hispanic national origin), to prove a violation of the Equal Protection Clause, a plaintiff must demonstrate that he was intentionally treated differently from others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class.[46]  Here, Plaintiff has not alleged facts plausibly suggesting that the deprivations that allegedly occurred on May 5, May 23, July 9, and July 15, 2007, were caused by some sort of racial animus on the part of Defendants. *See*, *supra*, Part I.A. of this Report-Recommendation.[47]  Rather, the only allegations of racial animus that Plaintiff offers are vague as to how, when and by whom the discrimination was committed.  *Id.*  More importantly, Plaintiff's allegations are devoid of any indication as to *why* he believed the offending officers were acting with racial animus, rendering his allegation of discrimination wholly conclusory.  *Id.*  Similarly, Plaintiff's allegation that Defendant Souza

---

[45]    The authority to conduct this *sua sponte* analysis is derived from two sources: (1) 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss [a] case [brought by a prisoner proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . . seeks monetary relief against a defendant who is immune from such relief"; and (2) 28 U.S.C. § 1915A(b), which provides that, "[o]n review, the court shall . . . dismiss the [prisoner's] complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

[46]    *Travis v. N.Y. State Div. of Parole*, 96-CV-0759, 1998 U.S. Dist. LEXIS 23417, at *11 (N.D.N.Y. Aug. 26, 1998) (Sharpe, M.J.), *adopted*, 96-CV-0759, Decision and Order (N.D.N.Y. filed Nov. 2, 1998) (McAvoy, C.J.).

[47]    Indeed, to the contrary, he has alleged the deprivation that occurred on July 7, 2007, occurred because he had filed a grievance against Defendant Souza.   *See*, *supra*, Part I.A. of this Report-Recommendation.

threatened to file a false misbehavior report against him and his cellmate (who spoke only

Spanish) fails to allege any facts plausibly suggesting that Defendant Souza made that threat

because of racial animus (or even that he carried out the threat). *Id.*

      With regard to Plaintiff's First Amendment retaliation claim (i.e., his claim against

Defendant Zurawaski for depriving him of the one hour of outdoor exercise that he was permitted

on July 9, 2007, by DOCS Directive 4933, in retaliation against him for having filed a grievance

against Defendant Zurawaski), to prevail on a First Amendment claim under 42 U.S.C. § 1983, a

plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue

was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action

that would deter a similarly situated individual of ordinary firmness from exercising his or her

constitutional rights; and (3) there was a causal connection between the protected speech and the

adverse action–in other words, that the protected conduct was a "substantial or motivating factor"

in the defendants' decision to take action against the plaintiff.[48]   Here, Plaintiff has alleged facts

plausibly suggesting that he engaged in protected activity and that Defendant Zurawaski took

action against him because of that activity.  *See*, *supra*, Part I.A. of this Report-Recommendation.

However, he has failed to allege facts plausibly suggesting that the action taken by Defendant

Zurawaski–denying him one hour of outdoor exercise while he was confined in the S.H.U.–was

sufficiently adverse for purposes of the First Amendment.  *Id.*  It is noteworthy that Plaintiff has

alleged that, following this denial (on July 9, 2007), he continued to engage in the protected

---

[48]    *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);
*Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]).

activity of filing complaints about Defendant Zurawaski.[49]  Under the circumstances alleged, I

find that depriving Plaintiff one hour of exercise was *de minimis* adverse action, in that it was

insufficient to "deter a similarly situated prisoner of ordinary firmness from exercising his

constitutional rights."  *Davis v. Goord*, 320 F.3d 246, 353 (2d Cir. 2003) [internal quotation

marks and citation omitted].[50]

    For these reasons, I recommend that the Court grant Defendants' motion and dismiss

Plaintiff's Complaint in its entirety.

### B.    Alternative Basis for Dismissal: Fed. R. Civ. P. 41

    Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it."  Fed. R. Civ. P. 41(b).  Even though Fed. R. Civ. P. 41(b) speaks

only of a dismissal *on a motion by a defendant*, courts have recognized that the rule does nothing

to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte*, for

---

[49]     (Dkt. No. 1, at 30-31 [Ex. B to Plf.'s Compl., attaching letters of complaint from
Plaintiff dated July 9 and 15, 2007].)

[50]     *Lunney v. Brureton*, 04-CV-2438, 2007 U.S. Dist. LEXIS 38660, at *65-66
(S.D.N.Y. May 25, 2007) ("Case law suggests that the isolated or sporadic denial of privileges
[such as recreation] do not suffice to state a claim of actionable retaliation.") [citations omitted];
*cf. Snyder v. McGinnis*, 03-CV-0902, 2004 WL 1949472, at *11 (W.D.N.Y. Sept. 2, 2004)
(deprivation of one meal on two occasions was *de minimis*, and did not state a claim for
retaliation); *Bartley v. Collins*, 95-CV-10161, 2006 U.S. Dist. LEXIS 28285, at *21 (S.D.N.Y.
May 12, 2006) ("Bates' misbehavior report against plaintiff and Collins's first report, which both
resulted in plaintiff's temporary loss of various privileges such as permission to visit the
commissary, likewise do not constitute adverse action because they were *de minimis*: they do not
constitute penalties that would deter a similarly situated prisoner of ordinary firmness from
exercising his constitutional rights.") [citations omitted].

failure to prosecute.[51]  Moreover, the term "these rules" in Fed. R. Civ. P. 41(b) is construed to

mean not only the Federal Rules of Civil Procedure, but also the local rules of practice for a

district court (since Fed. R. Civ. P. 83[a][1] expressly authorizes district courts to adopt local

rules of practice).[52]  As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for

two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to

prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the

Court.  *Id*.

With regard to the second ground for dismissal (a failure to comply with an Order of the

Court), the legal standard governing such a dismissal is very similar to the legal standard

governing a dismissal for failure to prosecute.  "Dismissal pursuant to Fed. R. Civ.P. 41(b) for

---

[51]       *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under
the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's
complaint, *sua sponte*, for failure to prosecute) [citations omitted]; *see also* N.D.N.Y. L.R.
41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding
diligently, the assigned judge shall order it dismissed.").

[52]       *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.)
(dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the
district court's Local Rule 10.1[b][2]); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr.
S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply
with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.,* 30 F.3d 264,
269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41[b] for
failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*,
983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil
Procedure 41(b) to dismiss actions for failure to comply with local rules."); *Hewitt v. Romeo-
Rim, Inc.*, 05-CV-40236, 2006 U.S. Dist. LEXIS 90803, at *2 (E.D. Mich. Nov. 14, 2006)
(dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the
district court's local rule requiring response to motion); *Chillis v. U.S. Postal Off.*, 01-CV-0913,
2001 U.S. Dist. LEXIS 18133, at *3 (N.D. Tex. Nov. 5, 2001) (dismissing complaint pursuant to
Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local Rule 83.13); *Shough v.
Coyle*, 00-CV-0237, 2000 U.S. Dist. LEXIS 21796, at *4 (D. Colo. Aug. 10, 2000) dismissing
complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local
Rule 5.1[L]).

failure to comply with an order of the court is a matter committed to the discretion of the district

court."[53]   The correctness of a Rule 41(b) dismissal for failure to comply with an order of the

court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result
> in dismissal, (3) whether the defendants are likely to be prejudiced by
> further delay in the proceedings, (4) a balancing of the court's interest in
> managing its docket with the plaintiff's interest in receiving a fair
> chance to be heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.[54]

Here, on September 17, 2007, the Court ordered Plaintiff, *inter alia*, to keep the Clerk's

Office apprised of his current address.  (Dkt. No. 6, at 3 [Order filed Sept. 17, 2007].)

Specifically, the Court advised Plaintiff that he is "**required to promptly notify the Clerk's**

**Office and all parties or their counsel of any change in [his] address; his failure to do same**

**will result in the dismissal of this action.**"  (*Id*.)  As of that date, Plaintiff's address of record

had been Marcy C.F.  (Dkt. No. 1, ¶ 2 [Plf.'s Compl.].)  On November 10, 2007, Plaintiff notified

the Court of his change in address to Fishkill C.F.  (Dkt. No. 14.)  However, on November 24,

2007, Plaintiff was released from the custody of the Department of Correctional Services.  (*Id*.)

*See also* N.Y.S. D.O.C.S. Inmate Locator System Report Regarding Plaintiff

http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (last visited Sept. 11, 2008).

Since his release, Plaintiff has not notified the Court of his change of address.

I have weighed the five factors listed above, and I have concluded that they weigh

---

[53]     *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

[54]     *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

23

decidedly in favor of dismissal.[55]  With regard to the first factor, I find that the duration of

Plaintiff's failure to provide his current address has been nearly *nine and a half months*.  With

regard to the second factor, I find that Plaintiff has received adequate notice that the sort of delay

that he has caused in this action (due to his failure to provide his current address) would result in

dismissal.[56]  With regard to the third factor, I find that Defendants are likely to be prejudiced by a

further delay.[57]  With regard to the fourth factor, I have taken care to strike an appropriate

balance between alleviating Court calendar congestion and protecting a party's right to due

process and a fair chance to be heard, and I find that the need to alleviate congestion on the

Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this matter.[58]

---

[55]      *See*, *e.g.*, *Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

[56]      This notice was provided by the Court's Order of September 17, 2007.  (Dkt. No. 6, at 3 [Order filed Sept. 17, 2007].)  It was provided also by the Local Rules of Practice for this Court, which the Clerk's Office has provided to all correctional facilities in New York State, and which contains similar notifications.  N.D.N.Y. L.R. 10.1(b)(2), 41.2(a),(b).  Clearly, Plaintiff received this notice, since in his Notice of Change of Address, filed on November 15, 2007, he promised the Court that "as soon [as] [I] know the address [of the] shelter or program [I'm] going to I will write the [C]ourt with the address."  (Dkt. No. 14.)

[57]      For example, further delay by Plaintiff may very well result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.  *See Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

[58]      I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

With regard to the fifth factors, I have considered all less-drastic sanctions and rejected them under the circumstances.[59]

For these reasons, I recommend that, in the alternative, the Court *sua sponte* dismiss Plaintiff's Complaint with prejudice for failure to diligently prosecute this action.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 12) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED** in its entirety.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance**.[60]

---

[59]    For example, I am persuaded that issuing an Order chastising Plaintiff for his conduct would be futile, given the fact that such an Order will almost certainly never reach Plaintiff, due to his failure to provide a current address.  I am also persuaded that simply waiting another month or so for Plaintiff to contact the Court would also be futile, given the fact that he has failed to contact the Court for nearly ten months now.

[60]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate");

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 12, 2008
         Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

*Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].